# UNITED STATES *v.* FLORIDA

No. 52, Orig.   Argued February 25, 1975—Decided March 17, 1975

*Keith A. Jones* argued the cause for the United States. With him on the briefs were *Solicitor General Bork, Assistant Attorney General Johnson, Bruce C. Rashkow,* and *Michael W. Reed.*

*Robert L. Shevin,* Attorney General of Florida, argued the cause for defendant. With him on the briefs were *W. Robert Olive, Jr.,* Special Assistant Attorney General, and *Daniel S. Dearing.**

---

*\*Brice M. Clagett, Michael Boudin, W. Laird Stabler, Jr.,* Attorney General, and *Jerome O. Herlihy,* Chief Deputy Attorney General of Delaware, *Arthur K. Bolton,* Attorney General, and *Alfred L. Evans, Jr.,* Assistant Attorney General of Georgia, *Jon A. Lund,* Attorney General, and *Lee M. Schepps,* Assistant Attorney General of Maine, *Francis B. Burch,* Attorney General, and *Henry R. Lord,* Deputy Attorney General of Maryland, *Robert H. Quinn,* former Attorney General, and *Henry Herrmann,* Special Assistant Attorney General of Massachusetts, *Warren B. Rudman,* Attorney General, and *David H. Souter,* Deputy Attorney General of New Hampshire, *William F. Hyland,* Attorney General, and *Elias Abelson,* Assistant Attorney General of New Jersey, *Louis J. Lefkowitz,* Attorney General, and *Joseph T. Hopkins,* Assistant Attorney General of New York, *Robert Morgan,* Attorney General, and *Jean A. Benoy,*

PER CURIAM.

Before the Court for consideration are the exceptions of the State of Florida and of the United States to the Report of the Special Master filed February 19, 1974. Oral argument has been had.

The case consolidates two proceedings. In the first, the United States seeks a decree defining the seaward boundary of the submerged lands of the Continental Shelf in the Atlantic Ocean in which Florida has rights to the natural resources. 395 U. S. 955 (1969). In the second, the State of Florida and the United States seek a decree defining more specifically than does the decree entered in *United States* v. *Louisiana,* 364 U. S. 502 (1960), the seaward boundary of the submerged lands of the Continental Shelf in the Gulf of Mexico in which Florida has rights to the natural resources. 403 U. S. 949 (1971).

In its exceptions to the Report, the State of Florida maintains that in his recommendations the Special Master should have recognized that the said boundaries extend to the boundaries defined in the State's 1868 Constitution, rather than to the limits specified in the Submerged Lands Act of 1953, § 2 (b), 67 Stat. 29, 43 U. S. C. § 1301 (b); that the Special Master should have recognized that the Florida Keys and the Straits of Florida southwest of longitude 25°40′ N. are part of the Gulf of Mexico, rather than of the Atlantic Ocean; that the Special Master erred in construing the 1868 Constitution of the State as to its Atlantic Ocean boundary

Deputy Attorney General of North Carolina, *Richard J. Israel,* Attorney General, and *W. Slater Allen, Jr.,* Assistant Attorney General of Rhode Island, *Daniel R. McLeod,* Attorney General, and *Edward B. Latimer,* Assistant Attorney General of South Carolina, *Andrew P. Miller,* Attorney General, and *Gerald L. Baliles,* Deputy Attorney General of Virginia, filed a brief for the State of Delaware et al. as *amici curiae.*

and as to its boundary between the Dry Tortugas Islands and Cape Romano; and that the Special Master erred in failing to recognize "Florida Bay" as a historic bay and thus as inland waters of the State.

Having considered each of these exceptions, we conclude that they are correctly answered in the Report of the Special Master. The exceptions of the State of Florida are therefore overruled.

In its exceptions to the Report, the United States maintains that the Special Master erred in recommending the recognition of a portion of Florida Bay as a "juridical" bay, and in recommending the drawing of "closing lines" around three groups of islands that make up the Florida Keys. It appears that these recommendations of the Special Master were made without benefit of the contentions now advanced by the United States and the opposing contentions now presented by the State of Florida. The exceptions of the United States are therefore referred to the Special Master for his prompt consideration. He is authorized to conduct any supplemental proceedings he may find useful with respect to the exceptions of the United States and is requested to file a supplemental report restricted to the issues raised in those exceptions.

*It is so ordered.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.